IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CRYSTAL BUSH**,

**Plaintiff,**

**v.**

**ORGANON USA, INC,
ORGANON INTERNATIONAL, INC,
and MERCK & CO., INC,**

**Defendants.**                                              No. 10-0606-DRH

### ORDER

**HERNDON, Chief Judge:**

This matter is before the Court for case management purposes, specifically, to raise the issue, *sua sponte*, of whether this Court has subject matter jurisdiction over this case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 74 U.S. 506, 514, 7 Wall, 506, 19 L.Ed. 264 (1868);** ***Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 1012 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993);** ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986).**

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between parties plus an amount in controversy exceeding, $75,000, exclusive of interests and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Factual allegations of *citizenship* must be made in the pleadings, demonstrating complete diversity. ***See Chicago Stadium Corp. v. State of Indiana*, 220 F.2d 797, 798-99 (7th Cir. 1955) (emphasis added)**.

In her complaint, Bush alleges that she is a resident of Illinois (Doc. 2 at ¶ 1). This allegation will not suffice. "[R]esidence and citizenship are not synonymous and it is [citizenship] that matters for purposes of the diversity jurisdiction." ***Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)**. Until Bush properly pleads diversity of citizenship, the Court must approach this case as if jurisdiction does not exist. Without those allegations, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**.

The Court is not concluding that subject matter jurisdiction does not exist. However, it is currently in question, and thus not established. Accordingly, the Court **STRIKES** Bush's complaint and **ALLOWS** her up to and including August

19, 2010 to file an Amended Complaint properly setting forth subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 12th day of August, 2010.

/s/     David R Herndon
**Chief Judge
United States District Court**